IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PAUL JOHN MATAMOROS,

        Petitioner,

vs.                                            No. CV 20-00889 MV/SCY

VINCENT HORTON, and
HECTOR BALDERAS,

        Respondents.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Prisoner in State Custody filed by Petitioner Paul John Matamoros (Doc. 1). The Court will dismiss the Petition without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Petitioner were returned as undeliverable. (Doc. 4, 6). The Court's research indicates that Petitioner was released from incarceration at the Guadalupe County Correctional Facility. It appears that Petitioner has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court.

The Court issued an Order to Show Cause on March 2, 2021, directing Petitioner to notify the Court of a new address or otherwise show cause why the case should not be dismissed within 30 days of entry of the Order. (Doc. 5). More than 30 days have elapsed since entry of the Order to Show Cause and Petitioner has not provided the Court with a new address, responded to the

Court's Order, communicated with the Court, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The Local Rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner has failed to comply with Local Rule 83.6 and with the Court's March 2, 2021 Order to Show Cause.

Petitioner has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Prisoner in State Custody filed by Petitioner Paul John Matamoros (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE